

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DEONTA LAMAR HAYWOOD, | § | No. 08-24-00361-CR |
| Appellant, | § | Appeal from the |
| v. | § | 453rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Hays County, Texas |
| Appellee. | § | (TC#CR-21-5775-E) |

**<u>MEMORANDUM OPINION</u>**

Deonta Lamar Haywood is attempting to appeal his conviction for possession of a controlled substance with intent to deliver (Count I of a two-count indictment).[1] Tex. Health & Safety Code Ann. § 481.112(d). Pursuant to a plea agreement with the State, Haywood pleaded guilty to Count I and entered a plea of true to an enhancement paragraph.[2] He and his attorney signed a written waiver of his right to an appeal as part of the agreement. Because the trial court's certification indicates Haywood has waived the right to appeal his conviction on Count I, we dismiss this appeal for lack of jurisdiction.

---

[1] This case was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] As part of the plea agreement, the State dismissed Count II, charging unlawful possession of a firearm by a felon.

Texas Rule of Appellate Procedure 25.2(a)(2) requires a trial court to enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). Moreover, in cases where a defendant entered a plea bargain, the defendant may only appeal matters raised by written motion and ruled on before trial, or after acquiring the trial court's permission to appeal. *Tedford v. State*, 08-21-00003-CR, 2021 WL 717603, at *1 (Tex. App.—El Paso Feb. 24, 2021, no pet.) (mem. op., not designated for publication). Here, the record before us not only lacks rulings from the trial court on pretrial motions, it also does not show that Haywood acquired the trial court's permission to appeal. *See Tedford*, 2021 WL 717603, at *1. The trial court's certification of Haywood's right to appeal, which includes signatures from Haywood and his counsel, states that this case "is a plea-bargain case, and the defendant has NO right of appeal." For all these reasons, we lack jurisdiction over this appeal.

Accordingly, we dismiss this appeal for lack of jurisdiction.


GINA M. PALAFOX, Justice


November 25, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)